# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GAIL R. GOSNELL, <br><br> Plaintiff, <br><br> v. <br><br> CAVALRY SPV I, LLC, and CAVALRY PORTFOLIO SERVICES, LLC, <br><br> Defendants. | 1:19-cv-03490 <br><br> Honorable Sharon Johnson Coleman |

## JOINT STATUS REPORT

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Case Management Procedures, the Parties submit the following Joint Written Status Report.

**1.** **Nature of the Case**

    **A.** **Parties:**

| For Plaintiff Gail R. Gosnell: | For Defendants Cavalry SPV I, LLC and Cavalry Portfolio Services, LLC: |
|---|---|
| **Nathan Charles Volheim** (Lead Attorney) <br> **Texiarchis Hatzidimitriadis** <br> **Eric D. Coleman** <br> Sulaiman Law Group, Ltd. <br> 2500 South Highland Ave., Suite 200 <br> Lombard, Illinois 60148 <br> Phone: 630-575-8181 <br> Fax: 630-575-8188 <br> Email: nvolheim@sulaimanlaw.com <br> Email: thatz@sulaimanlaw.com <br> Email: ecoleman@sulaimanlaw.com | Anna-Katrina S. Christakis (lead trial attorney) <br> James J. Morrissey <br> Pilgrim Christakis LLP <br> 321 N. Clark Street, 26th Floor <br> Chicago, Illinois 60654 <br> Ph: (312) 280-0441 <br> Fax: (312) 939-0983 <br> kchristakis@pilgrimchristakis.com <br> jmorrissey@pilgrimchristakis.com |

    **B.** **Claims asserted:** Plaintiff brings Count I of her Complaint for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") against Defendants. Plaintiff alleges that

Defendants improperly engaged in collection activity against her by sending materially confusing and harassing correspondences to her. Defendants deny Plaintiff's allegations.

      C.      **Factual and legal issues:**

**Plaintiff:** Was Defendants' collection activity confusing and harassing to an unsophisticated consumer?

**Defendants:** Defendants Cavalry SPV I, LLC ("SPV") and Cavalry Portfolio Services, LLC ("CPS") (collectively, "Cavalry" or "Defendants") anticipate the following legal and factual issues will be resolved in their favor: (1) CPS's letter dated January 26, 2019, did not suggest that a lawsuit had been filed when no such suit had been filed; (2) CPS's letter dated January 26, 2019, explicitly advised Plaintiff of her right to defend herself in a hypothetical lawsuit and characterized the entry of a judgment against her as conditional; and (3) the FDCPA required CPS and a law firm later retained to collect Plaintiff's debt to each send Plaintiff a "fresh" validation notice pursuant to 15 U.S.C. § 1692g(a).

      D.      **Relief sought:** Plaintiff seeks statutory damages against Defendants of up to $1,000.00, actual damages to be determines at trial, and payment of her attorney fees and costs under the FDCPA, 15 U.S.C. §1692k *et seq.*

      E.      **Status of case:** On July 26, 2019, Defendants filed a Motion to Dismiss Plaintiff's Complaint that is scheduled for presentment on August 6, 2019.

**2.**      **Pending Motions**

      A.      On July 26, 2019, Defendants filed a Motion to Dismiss Plaintiff's Complaint that is scheduled for presentment on August 6, 2019.

      B.      Defendants propose that all previously set deadlines be stayed pending the Court's ruling on their Motion.

3. **Discovery**

    A. **Proposed Discovery Schedule:**

    i. Defendants proposes that all discovery be stayed pending the Court's ruling on their Motion to Dismiss Plaintiff's Complaint.

    ii. If discovery is not stayed pending the Court's ruling on Defendants' Motion to Dismiss Plaintiff's Complaint, the parties anticipate both written, oral, and expert discovery. This case is subject to the Mandatory Initial Discovery Project ("MIDP"). The parties will comply with the deadlines established by the MIDP.

    iv. The parties propose fact discovery to be completed by January 17, 2020.

    v. The parties may need survey information regarding the correspondence sent to Plaintiff. The parties propose that Plaintiff serve any survey information or expert report by February 7, 2020, and Defendants submit any survey information or expert report, including any rebuttal expert, by March 6, 2020, and that all expert discovery, including depositions, be completed by April 3, 2020.

4. **Trial**

    A. Plaintiff has demanded a jury trial.

    B. Parties to do not anticipate any trial lasting more than two days.

5. **Consent to Proceed Before Magistrate Judge**

    A. Parties do not unanimously consent to proceed before a Magistrate Judge.

6. **Status of Settlement Discussions**

    A. The parties have engaged in discussions about resolving Plaintiff's claims but were unable to reach a settlement.

    B. The parties do not request a settlement conference at this time.

Dated: July 30, 2019

| s/ Nathan Volheim | s/ James Morrisey |
| Sulaiman Law Group, Ltd. | James Morrisey |
| *Counsel for Plaintiff* | *Counsel for Defendant* |