UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAIL R. GOSNELL, | |
| Plaintiff, | Case No.: 1:19-cv-03490 |
| v. | |
| CAVALRY PORTFOLIO SERVICES, LLC and CAVALRY SPV I, LLC, | Honorable Judge Sharon Johnson Coleman |
| Defendant. | |

PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

NOW comes GAIL R. GOSNELL ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., responding to CAVALRY PORTFOLIO SERVICES, LLC ("CPS") and CAVALRY SPV I, LLC's ("Cavalry") (collectively "Defendants") Motion to Dismiss Plaintiff's Complaint ("Defendants' Motion"), and in support thereof states as follows:

I.     **INTRODUCTION**

Plaintiff's Complaint outlines allegations against Defendants for their violations of the Fair Debt Collection Practices Act ("FDCPA"). [*See* Dkt. 1]. Plaintiff's complaint comprises two counts, both asserting claims under the FDCPA. As an initial matter, upon reviewing the nature of Defendants' Motion and the nature of Count II of Plaintiff's Complaint, Plaintiff hereby abandons those claims set forth in Count II of Plaintiff's Complaint, which were in relation to Cavalry only. [*Id.* ¶¶ 38-47].

1

In Count I of Plaintiff's Complaint, Plaintiff alleges that Defendants violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692f given the deceptive, misleading, and unfair language Defendants used in an effort to collect upon a debt from Plaintiff. [*Id.* at ¶¶ 19-21, 29-34].

Defendants' Motion seeks dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6). [Dkt.12, p. 1]]. In seeking dismissal of Count I of Plaintiff's Complaint, Defendants' Motion characterizes Plaintiff's claims as alleging a violation for "supposedly suggest[ing] in a letter that a lawsuit had been filed when no such suit had been filed, and didn't advise Plaintiff of her right to defend this hypothetical lawsuit." [*Id.*]. However, this is a mischaracterization of Plaintiff's claims.

As Plaintiff's Complaint sets forth, Defendants violated §§ 1692e and e(10) "when they misleadingly portrayed a potential collection lawsuit to be completely in their favor," and further violated § 1692f when they "grossly oversimplif[ied] the legal process by portraying a possible lawsuit against Plaintiff to be in their favor." [Dkt. 1, ¶¶ 35, 37]. As such, it is clear Plaintiff's claims do not involve any sort of confusion about whether a lawsuit had already been filed. Defendants seek to attack a straw man through their misrepresentation of Plaintiff's claims and subsequent analysis as to why such non-existent claims fail as a matter of law.

Nevertheless, Defendants' Motion does eventually get closer to attacking the actual nature of Plaintiff's claims. However, its arguments that the unsophisticated consumer would not be deceived by the way in which its collection letter portrays a potential collection lawsuit as being one sided in favor Defendants is premised upon an unreasonable assumption of the unsophisticated consumer's knowledge of general legal process and procedure. Contrary to Defendants' assertions, its collection letter is deceptive, misleading, and unfair to consumers given its structure and

reference to "judgment" in a manner that has the potential to deceive and mislead unsophisticated consumers into acting in a manner detrimental to their interests.

Therefore, because Defendants' Collection Letter is deceptive and misleading to the unsophisticated consumer, Defendants' Motion must be denied and Plaintiff must be afforded the opportunity to gather evidence supporting the deceptive, misleading, and unfair nature of Defendants' collection letter.

## II.      STATEMENT OF FACTS

On or about January 26, 2019, Defendants sent Plaintiff a collection letter ("Collection Letter") attempting to collect upon a debt Plaintiff originally owed to Citibank, N.A. ("Citibank") which was subsequently purchased by Cavalry after Plaintiff's purported default. [Dkt. 1, ¶¶ 11-12, 16]. Defendants' Collection Letter, in pertinent part, states:

> As of the date of this letter, your account meets Cavalry's guidelines for placement with one of Cavalry's collection law firms practicing in your state.
>
> …
>
> As of the date of this letter, no attorney has reviewed the particular circumstances of your account to determine whether a lawsuit should be filed against you. If your account is placed with a collection law firm, an attorney will review your account and make the final decision as to whether a lawsuit should be filed.
>
> If a lawsuit is filed, the law firm will ask the court to enter a judgment against you for the full amount that you owe. You will have the opportunity to defend yourself after the lawsuit is filed. If a judgment is entered, the law firm will be authorized to take further action to satisfy the balance owed on the judgment.

[Dkt. 2-1].

As discussed further below, the above quoted language is deceptive and misleading to consumers given how the structure and order of such phrases in Defendants' Collection Letter

3

impress upon unsophisticated consumers that any lawsuit filed would necessarily result in a favorable decision for Defendants.

### III.    LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual material, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element."  *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510,517 (7th Cir. 2015).  Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis."  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). In ruling on a pending motion to dismiss, the court must construe the allegations in the complaint in a light most favorable to the plaintiff, accept as true all well-pleaded factual allegations set forth therein, and draw all reasonable inferences in favor of the non-moving party.  *Fednav Int'l Ltd. v. Continental Ins. Co.,* 624 F.3d 834, 837 (7th Cir. 2010).

For purposes of claims brought under the FDCPA, courts have held that since it is a strict liability statute, "debt collectors whose conduct falls short of its requirements are liable irrespective of their intentions." *Ruth v. Triumph P'ships*, 577 F.3d 790, 805 (7th Cir. 2009).  "The Fair Debt Collection Practices Act is an extraordinarily broad statute" and must be construed accordingly. *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992); *see also Currier v. First Resolution Inv. Corp*., 762 F.3d 529, 533 (6th Cir. 2014); *Brown v. Card Serv. Ctr*., 464 F.3d 450, 453 (3d Cir. 2006) ("Because the FDCPA is a remedial statute . . . we construe its language

4

broadly, so as to effect its purpose."). A false representation can still lead to liability under § 1692e even if the act is unintentional.

In situations involving determinations as to whether debt collection letters violate the FDCPA, the Seventh Circuit has "cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law . . . because 'district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects.'" *McMillan v. Collection Prof'ls Inc.,* 455 F.3d 754, 759 (7th Cir. 2006) (quoting *Walker v. Nat'l Recovery, Inc.,* 200 F.3d 500, 501-03 (7th Cir. 1999)). "'[W]hat seems pellucid to a judge, a legally sophisticated reader, may be opaque' to the unsophisticated consumer." *Id.*

In line with this reasoning, courts within the Seventh Circuit have noted "[o]nly the rarest FDCPA complaint that alleges a dunning letter is misleading or confusing may be dismissed on the pleadings." *Samuel v. Approved Credit Solutions, LLC,* 2015 U.S. Dist. LEXIS 98075, *4 (S.D. Ind. Jul. 18, 2015). "This is because the deceptive character of a debt-collection letter must be understood through the mind of the 'unsophisticated consumer' who, though capable of making basic logical inferences and refraining from reading things in a bizarre or idiosyncratic fashion, is nevertheless 'uninformed, naïve, or trusting.'" *Id.* (citing *Gruber v. Creditors' Protection Serv., Inc.,* 742 F.3d 271, 273-74 (7th Cir. 2014)). "[E]ven if the communication may not seem deceptive on its face, a plaintiff is permitted to offer evidence at a summary judgment or trial stage to show that indeed the language confuses the unsophisticated consumer." *Id.* (citing *Evory v. RJM Acquisitions Funding, L.L.C.,* 505 F.3d 769, 776 (7th Cir. 2007)). Illustrating this point is the fact that the Seventh Circuit has "reminded courts time and again that whether a debt-collection letter is misleading or confusing is a question of fact." *Id.* at 4-5 (citing *Lox v. CDA, Ltd.,* 689 F.3d 818,

822 (7ᵗʰ Cir. 2012) ("[W]e treat the question of whether an unsophisticated consumer would find certain debt collection language misleading as a question of fact.")).

IV.    **ARGUMENT**

A.    **Plaintiff's Claims in Count I Under §§ 1692e and e(10) are Plausible on their Face**

Pursuant to 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Similarly, under § 1692e(10), a debt collector is prohibited from using "any false representation or deceptive means to collect or attempt to collect any debt . . . ."

In the Seventh Circuit, whether a collection letter confuses the unsophisticated consumer is a question of fact. *Evory,* 505 F.3d at 776. In line with this notion, this Court has recognized the "general rule" that, "when a complaint alleges that a collection letter is confusing, the plaintiff has stated a recognizable legal claim and does not have to state more to survive a motion to dismiss." *Velazquez v. Fair Collections & Outsourcing, Inc.,* 2013 U.S. Dist. LEXIS 124895, at *11 (N.D. Ill. Aug. 30, 2013) (citing *McMillan,* 455 F.3d at 758-59). Of course, in situations where it is "apparent from a reading of the letter that not even a significant fraction of the population would be misled by it," merely alleging that a collection letter is confusing is not sufficient to survive the 12(b)(6) stage. *Taylor v. Cavalry Inv., L.L.C.,* 365 F.3d 572, 574-75 (7th Cir. 2004). Nevertheless, the Seventh Circuit has cautioned district courts to "tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because district judges are not good proxies for the unsophisticated consumer whose interest the statute protects." *McMillan,* 455 F.3d at 759 (internal quotation marks and citations omitted).

In line with these views, the Seventh Circuit has sorted cases alleging that a particular collection correspondence is deceptive or misleading to the unsophisticated consumer into three

6

categories – (1) where the collection letter is "plainly and clearly not misleading," in which case no extrinsic evidence is needed to show that the debt collector ought to prevail; (2) where the collection letter "includes debt collection language that is not misleading or confusing on its face, but has the potential to be misleading to the unsophisticated consumer" – in such cases, plaintiffs get past the 12(b)(6) stage but must come forth with extrinsic evidence supporting the confusing nature on summary judgment; and (3) where the challenged language is "plainly deceptive or misleading," such that no extrinsic evidence is needed for the plaintiff to prevail. *Janetos v. Fulton Friedman & Gullace, LLP,* 825 F.3d 317, 322-23 (7th Cir. 2016) (quoting *Lox,* 689 F.3d at 822).

### i. *Defendants' straw man attack need not be considered by the Court*

As indicated above, Plaintiff's Complaint does not allege violations of the FDCPA stemming from confusion over whether a lawsuit had been filed at the time the Collection Letter was sent. Defendants' Motion very clearly points out Plaintiff's "admission" that any lawsuit at issue was merely "potential." [Dkt. 12, p.5]. It is slightly puzzling why Defendants have chosen to suggest the existence of such claims only to then point to the clarity with which Plaintiff's Complaint contradicts the (non-existent) claims. Regardless, since Plaintiff's Complaint does not allege violations of the FDCPA in connection with confusion regarding whether a collection lawsuit had been initiated at the time the Collection Letter was sent, the Court need not countenance Defendants' arguments.

### ii. *Defendants' collection letter deceptively and confusingly discusses the outcomes of any potential litigation in a manner giving rise to plausible claims under the FDCPA*

Defendants' Motion asserts that, as a result of the conditional language and language regarding Plaintiff's right to "defend" himself in connection with any litigation, that even the unsophisticated consumer could not conceivably be misled by Defendants' Collection Letter in the

7

manner set forth in Plaintiff's Complaint. However, Defendants' position is premised entirely upon an unrealistic expectation of the unsophisticated consumer's knowledge of legal process and procedure, while further failing to consider the structure and order of the language which renders its Collection Letter potentially deceptive and misleading to the unsophisticated consumer.

The most problematic portion of Defendants' Collection Letter is the portion which reads, "[i]f a lawsuit is filed, **the law firm will ask the court to enter a judgment against you for the full amount that you owe**." [Dkt. 2-1] (emphasis added). Although it may technically be true that if a lawsuit were filed, Defendants would "ask" the court to enter a judgment against Plaintiff in the full amount that is owed, the language and structure of Defendants' Collection Letter does not clarify the distinction between asking a court for entry of judgment and the subsequent entry of judgment by such court. Such failure renders its Collection Letter plausibly deceptive and misleading to the unsophisticated consumer.

Focusing on the above sentence, although Defendants use "if" to condition the possible filing of a lawsuit, it nevertheless goes on to utilize clearly non-conditional language when it states "the law firm **will ask** the court **to enter a judgment against you** for the full amount that you owe." [Dkt. 2-1] (emphasis added). While Defendants argue that their use of "will ask the court to enter a judgment against you" is a truthful statement, its position nevertheless overlooks the manner in which unsophisticated consumers would view these statements. Because unsophisticated consumers would not readily distinguish between Defendants "asking" a court for a judgement, and the actual entry of such judgment by a court, the unsophisticated consumer could read Defendants suggestion of *asking* a court for a judgment as resulting such request being granted by the court.

8

As such, because unsophisticated consumers would be unable to readily distinguish between a request for judgment and the actual entry of such judgment, Defendants' Collection Letter is susceptible to a reading that suggests to consumers that, if a lawsuit is filed, judgment will be entered against them for the full amount owed – as a result of Defendants' request for such judgment. Although Defendants condition the *filing of a lawsuit* with "if,"[1] its failure to, in this sentence, ensure that its reference to entry of judgment is similarly conditional (and instead represent it in a manner that suggests to consumers that such judgment will be entered by virtue of its request), renders its collection letter deceptive and misleading to the unsophisticated consumer.

For Defendants' position to be accepted (i.e., a consumer would know that there is a difference between asking a court for judgment and the entry of such judgment), the Court would have to ascribe a level of sophistication to the unsophisticated consumer that is not warranted. As noted by the Seventh Circuit, the unsophisticated consumer standard "is low, close to the bottom rung of the sophistication meter." *Avila v. Rubin,* 84 F.3d 222, 226-27 (7th Cir. 1996). Defendants' reading of the Collection Letter is inherently skewed by its knowledge of the legal system and how the litigation process unfolds. The unsophisticated consumer, however, would have no background knowledge of legal process and procedure, nor would such consumer reasonably be expected to distinguish between a request for a judgment and the actual entry of such judgment. Because unsophisticated consumers would not necessarily understand the procedural posture of litigation and the various stages litigation goes through prior to the ultimate award of a judgment, Defendants' non-conditional reference to judgment that *will* be asked for suggests to consumers

---

[1] And, even then, the Collection Letter's multiple references to litigation (including representations regarding attorney review, the consequences of litigation, etc.) seems to remove a certain amount of the conditional nature which Defendants sprinkle throughout their collection letter. [*See generally,* Dkt. 2-1].

the inevitability with which such judgment would be entered, which renders its Collection Letter deceptive and misleading. *See e.g., Dutton v. Wolhar,* 809 F. Supp. 1130, 1141 (D. Del. 1992).

After the above referenced language, Defendants' Collection Letter goes on to state: "You will have the opportunity to defend yourself after the lawsuit is filed." [Dkt. 2-1]. While Defendants argue such language clarifies that Plaintiff will have the opportunity to defend against any filed lawsuit, Defendants overlook the interplay between this sentence and the previous sentence. As indicated above, Defendants' Collection Letter is susceptible to a reading that if a lawsuit is filed, judgment will be entered against Plaintiff. Because Defendants' representations regarding Plaintiff's right to defend herself are limited to "after the lawsuit is filed," when taken together with the preceding sentence, Defendants' Collection Letter suggests that Plaintiff's opportunity to defend herself would come *after* the court's entry of judgment – which constitutes a deceptive and misleading representation. As such, Defendants' representations that Plaintiff will have the opportunity to defend herself does not undercut nor negate the deceptive and misleading nature by which Defendants' Collection Letter represents the results of any potentially filed lawsuit as necessarily resulting in a judgment against Plaintiff.

Further illustrating the deceptive nature and structure of Defendants' Collection Letter are the myriad ways it could have gone about addressing the confusion inherent in its Letter. One way Defendants could have cleared up the confusion is by stating: "If a lawsuit is filed, the law firm will ask the court to enter a judgment against you for the full amount that you owe, **which *may* result in a judgment being entered against you."** Such language, on the end of the Collection Letter's most problematic sentence, clarifies the conditionality of the judgment that "will" be asked for, in a manner that would not lead consumers down the incorrect interpretation identified above. Although Defendants' Collection Letter does eventually condition the entry of judgment when it

10

states "[i]f a judgment is entered," its previous non-conditional representation regarding the same

judgment being entered nevertheless remains, and unsophisticated consumers would then be left

with further confusion about the conditionality or certainty of judgment being entered.[2]

The above dichotomy between Defendants' use of both conditional and non-conditional

language when referencing the entry of judgment against Plaintiff evinces the unpersuasive nature

of Defendants' reliance on *Evon v. Law Offices of Sidney Mickell,* 688 F.3d 1015, 1026 (9th

Cir.2012). While it may be true that the conditional language regarding the ultimate entry of

judgment against the plaintiff in *Evon* was appropriate, noticeably absent from the collection letter

at issue in *Evon* were any other statements regarding a judgment that utilized non-conditional

language. Because Defendants' Collection Letter *does* use *non-conditional* language when

referencing the entry of judgment against Plaintiff, *Evon* is distinguishable from the instant matter

and does not support Defendants' bid to seek dismissal of Count I of Plaintiff's Complaint.

Simply put, Defendants' Collection Letter is not so non-deceptive or un-misleading that it

is entitled to a dismissal in its favor in connection with Plaintiff's claims. Defendants' proffered

interpretation of the Collection Letter assumes too much knowledge on the part of unsophisticated

consumers regarding the nature and procedure inherent in debt collection lawsuits and how

judgments in such lawsuits get entered against consumers. When stripped of Defendants'

unwarranted assumptions regarding the sophistication of unsophisticated consumers, Defendants'

Collection Letter is worded and structured in a manner that risks deceiving and confusing

unsophisticated consumers about the nature of their ability to prevent a judgment from being

---

[2] In other words, while Defendants suggests the collection letter's ultimate reference to the conditionality of judgment renders Plaintiff's claims meritless, the conditional representation, coming after a non-conditional representation regarding the same judgment, actually creates further confusion by leaving unsophisticated consumers with multiple different potential readings of the collection letter, at least one of which would be inaccurate. *Brown v. Card Serv. Ct.,* 464 F.3d 450, 455 (3d Cir. 2006) ("A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.")

entered against them in connection with any lawsuit that may result from Defendants' collection efforts. Therefore, because Defendants' Collection Letters may be confusing and deceptive to the unsophisticated consumer, its Motion must be denied.

Defendants' Motion, after addressing why its Collection Letter is not deceptive or misleading, submits yet another straw man argument as it asserts "there is no authority for Plaintiff's suggestion that the FDCPA requires debt collectors to advise consumers concerning the 'judicial system' or their 'rights and options . . . to avoid a judgment'" going so far as to state "[i]n fact, Plaintiff's suggestion that the FDCPA obligated Cavalry to advise him of various 'rights and options' during a lawsuit 'to avoid a judgment' is so absurd that it would require Cavalry to engage in the unlicensed practice of law." [Dkt. 12, pp. 7-8]. The only (relatively large) problem with Defendants' argument is that **Plaintiff does not allege nor argue the existence of any affirmative "obligation" or "requirement" that debt collectors advise consumers of their legal rights and obligations regarding the subject debt.** Defendants have chosen to misconstrue Plaintiff's allegations, setting up a straw man that can easily be defeated, in hopes the Court would be deceived into thinking the fabricated flaws it points out in Plaintiff's non-existent arguments cut against the entirety of Plaintiff's claims.

However, Plaintiff agrees that there is no affirmative duty under the FDCPA to advise or provide advice to consumers regarding their rights to defend against a collection lawsuit – nor could the existence of such a duty be reasonably inferred from the nature of Plaintiff's allegations. *However,* the very text of the FDCPA clearly prohibits debt collectors from engaging in any false, deceptive, or misleading representations, *see* 15 U.S.C. § 1692e, including when such misrepresentations occur when a debt collector is describing the results of a lawsuit. *See e.g., Dutton v. Wolhar,* 809 F. Supp. 1130, 1141 (D. Del. 1992) (finding actionable misrepresentations

regarding the certainty with which judgment would be entered against the plaintiff). To the extent Plaintiff even mentions Plaintiff's "rights and options" to defend against the lawsuit, he does so in the context of Defendants' *obfuscation* of such rights, [Dkt. 1, ¶ 35], not from Defendants' failure to adhere to some non-existent duty to provide information about such rights. Therefore, Defendants are patently incorrect to suggest that Plaintiff is attempting to argue the existence of an affirmative duty to advise consumers of their rights in connection with a debt collection lawsuit. Instead, Plaintiff argues that Defendants' *voluntary* reference to potential litigation was done in a deceptive and misleading way, in violation of the FDCPA. Defendants' flawed and pointless straw man argument is clearly designed to distract the Court from the true issues presented by Plaintiff's Complaint and Defendants' Motion.

In sum, Plaintiff's Complaint does not exemplify the sort of "rarest" FDCPA complaint alleging a deceptive and misleading letter such that it should be denied at the motion to dismiss stage. *Samuel,* 2015 U.S. Dist. LEXIS 98075 at *4; *Velazquez,* 2013 U.S. Dist. LEXIS 124895 at *11. The structure and language used in Defendants' Collection Letter is such that it has the potential to deceive and mislead the unsophisticated consumer. Therefore, given the potentially deceptive nature of Defendants' Collection Letter, Defendants' Motion should be denied to the extent it seeks dismissal of Plaintiff's claims under §§ 1692e and e(10) asserted in Count I of her Complaint.

**B. Plaintiff's Claims in Count I Under § 1692f Are Not Subject To Dismissal**

Defendants assert that Plaintiff's claims in Count I under § 1692f are subject to dismissal for two reasons, each relating to the fact Plaintiff's claims under § 1692f are purportedly "duplicative" of Plaintiff's claims under § 1692e. Defendants argue Plaintiff's claims under § 1692f fail since for the same reasons as Plaintiff's §1692e claims given the similarities in the

claims. Defendants further argue that Plaintiff's § 1692f claims fail as a matter of law given the similarities to Plaintiff's § 1692e claims, as it is Defendants' position that such claims are mutually exclusive when based upon the same conduct.

However, as discussed *supra.,* because Plaintiff's claims under § 1692e are not subject to dismissal, Plaintiff's claims under § 1692f would not similarly be subject to dismissal.

Furthermore, while Defendant's Motion does set forth authority from this Court suggesting that mutual exclusivity of claims under §§ 1692e and f when based upon the same underlying facts, more recent authority from within the Seventh Circuit has recognized that claims under § 1692f and § 1692e are not so mutually exclusive. This Court, in *Brown v. I.C. Sys.,* 2019 U.S. Dist. LEXIS 45384, at *15-19 (N.D. Ill. Mar. 20, 2019), recently issued an opinion cutting directly against the conclusions of the authority referenced in Defendants' Motion. As noted by the court, "[i]n this circuit, § 1692f does not exclude certain conduct from its reach merely because that conduct is also covered by other provisions of the FDCPA." *Id.* at * 17; *see also, Holt v. LVNV Funding, LLC,* 147 F. Supp. 3d 756, 762 (S.D. Ind. Nov. 30, 2015) (declining to hold that claims under § 1692e and § 1692f are mutually exclusive based upon similar authority); *Currier v. First Resolution Inv. Corp.,* 762 F.3d 529, 536 (6th Cir. 2014) (holding explicitly that claims under § 1692e and § 1692f are not mutually exclusive). Given that the more recent recitation of the issue cuts against the nature of Defendants' cited authority, the more recent authority should be followed by the Court. As such, Plaintiff's claims under § 1692f are not subject to dismissal merely because they are duplicative of Plaintiff's claims under § 1692e.

### C.  Plaintiff Has Abandoned the Claims Asserted in Count II of Her Complaint

As discussed *supra.,* Plaintiff has abandoned the claims asserted in Count II of her Complaint. As such, the Court need not consider the issues presented by Defendants' Motion in relation to Count II of Plaintiff's Complaint.

## V.      CONCLUSION

Defendants' Motion should be denied to the extent it seeks dismissal of Count I of Plaintiff's claims under §§ 1692e, e(10), and f. While Defendants' Motion diverts most of its attention to straw man arguments, the portions which actually do attempt to address Plaintiff's claims are premised upon its own sophisticated reading of the Collection Letter, while further ignoring the nature of the non-conditional language utilized when referencing a judgment that would be entered against Plaintiff. Given the deceptive, misleading, and unfair nature of Defendants' Collection Letter, Defendants' Motion must be denied and Plaintiff's claims must be allowed to proceed past the motion to dismiss stage so that Plaintiff can come forth with evidence to support the deceptive, misleading, and unfair nature of Defendants' Collection Letter.

Dated: September 5, 2019                                        Respectfully submitted,

*s/Eric D. Coleman*
Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Plaintiff, certifies that on September 5, 2019, he caused a copy of the foregoing, **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS,** to be served electronically via CM/ECF system on: all counsel of record.


*s/ Eric D. Coleman*
Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff